FILED
CHARLOTTE, NC
OCT 1 0 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY RETIREMENT CASH BALANCE PLAN,<br><br>Plaintiff,<br><br>v.<br><br>VIVIAN SUE MABE and PHYLLIS M. MABE, individually and as Administratrix of the Estate of Miles Mabe, Jr.,<br><br>Defendants. | Civil Action No. 3:07-cv-482 |

## AMENDED CONSENT ORDER

This matter is before the Court upon consent of the parties:

(i)  To authorize the disbursement of accrued monthly benefits, plus interest, under the Duke Energy Retirement Cash Balance Plan (formerly known as the Duke Power Company Employees' Retirement Plan) ("Retirement Plan") and provide for ongoing distribution of the monthly benefits due under the Retirement Plan, all in accordance with the settlement made by and among the parties in this action as hereinafter provided; and

(ii) To dismiss this action with prejudice as to the parties' rights to assert, reassert or relitigate any and all claims arising out of or in any manner relating to the Retirement Plan benefits distributed or provided pursuant to this Order by reason of the death of Miles Mabe, Jr. or otherwise payable under the Retirement Plan with respect to Miles Mabe, Jr.

AND by and with the consent of Plaintiff and Defendants, the Court makes the following:

PPAB 1781561v3

# **FINDINGS OF FACT**

1. The Plaintiff Retirement Plan in this action is an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The Retirement Plan is administered by the Benefits Committee, and its assets are distributed by the Trustee upon the direction of the Benefits Committee.

2. Miles Mabe, Jr. ("Miles Mabe") was employed by Duke Power Company (now known as Duke Energy Corporation) ("Duke") prior to his retirement effective November 1, 1991 and was a participant in the Retirement Plan.

3. Defendant Vivian Sue Mabe ("Vivian Mabe") was the wife of Miles Mabe. A marriage certificate between Vivian Mabe and Miles Mabe shows a marriage date of May 3, 1991.

4. Defendant Phyllis M. Mabe ("Phyllis Mabe") was the wife of Miles Mabe. A marriage certificate between Phyllis Mabe and Miles Mabe shows a marriage date of July 9, 1985.

5. Miles Mabe signed and submitted an application for retirement under the Retirement Plan, dated October 22, 1991 (the "Application"). In the Application, Miles Mabe represented that he was married to "Sue R. Mabe" and elected the Form B 50% Post-Retirement Survivor Benefit ("50% Survivor Benefit") with Sue R. Mabe as his 50% joint and survivor annuitant. "Sue R. Mabe" is another name by which Vivian Mabe is known, and the date of birth and social security number on the Application match that of Vivian Mabe.

6. Miles Mabe retired from Duke effective November 1, 1991.

7. The Retirement Plan in existence on the date of Miles Mabe's retirement provides in Article VIII and the last sentence of Section 2.32 that the 50% Survivor Benefit is available

only to an individual who is the retired participant's spouse on the date of his retirement and otherwise qualified under the Retirement Plan.

8. Miles Mabe died on October 22, 2005. At the time of his death, Miles Mabe was covering Vivian Mabe under the Duke Energy Medical/Dental Plan applicable to retirees. At all times following his death and through the present, Vivian Mabe has continued to receive Medical/Dental Plan coverage as a surviving spouse under the Retirement Plan.

9. According to the Retirement Plan's actuary, until his death, Miles Mabe had been receiving a retirement annuity of $898.63. Following his death, the monthly amount of the 50% Survivor Benefit to a qualifying spouse was $449.32.

10. Shortly after Miles Mabe's death, a dispute arose between Vivian Mabe, on the one hand, and Phyllis Mabe, on the other hand, with respect to who among them was entitled to the 50% Survivor Benefit under the Retirement Plan along with Duke Energy Medical/Dental Plan coverage as a surviving spouse under the Retirement Plan. Both Defendants claimed to be the lawful spouse of Miles Mabe on the date of his retirement in 1991 based on their respective marriage certificates and the absence of any evidence that their marriages had ended.

11. The Retirement Plan maintains no claim to the accrued monthly 50% Survivor Benefit funds, plus interest, under the Retirement Plan, or the ongoing monthly payment of the 50% Survivor Benefit due under the Retirement Plan. However, the Retirement Plan is subject to ERISA, and it is a tax qualified plan governed by the Internal Revenue Code, 26 U.S.C. §401 *et seq.* (the "Code"). These federal laws contain provisions with which the Retirement Plan must comply and which may affect the determination of the proper recipient of the 50% Survivor Benefit under the Retirement Plan.

12. By reason of the conflicting claims of the Defendants and the Retirement Plan's desire to comply with ERISA and also to maintain its tax-qualified status for the benefit of its other participants and beneficiaries, the Retirement Plan is unable to determine, without hazard to itself, which party is entitled to be paid the accrued monthly 50% Survivor Benefit funds, plus interest, or the ongoing monthly payment of the 50% Survivor Benefit.

13. The Defendants in this lawsuit have reached an agreement among themselves as to how the accrued monthly 50% Survivor Benefit funds, plus interest, will be distributed, and how the ongoing monthly payment of the 50% Survivor Benefit due under the Retirement Plan will be distributed, and have asked that those funds be distributed in a manner consistent with the parties' agreement. The Benefits Committee has determined that such agreement is reasonable under the circumstances.

14. The parties have entered into a settlement of their dispute by agreeing as follows:

(a) With regard to the accrued monthly 50% Survivor Benefit funds, plus interest, through November 2010:

(i) $19,539.54 will be distributed in a lump sum payment to Phyllis Mabe; and

(ii) $11,500.00 has already been distributed to Vivian Mabe, along with an additional $14,906.98 which was distributed to Vivian Mabe in error (the "Overpayment"), but which she shall be permitted to keep as part of the parties' settlement.

(b) The ongoing monthly payment of the 50% Survivor Benefit is $449.31. Subject to the conditions articulated in paragraphs 14(b)(i) and (ii) below, the ongoing monthly payments of the 50% Survivor Benefit will be distributed to Phyllis Mabe for the remainder of

4

her life. There shall be no further distribution of the 50% Survivor Benefit to anyone following the death of Phyllis Mabe.

    (i)    The first monthly payment to Phyllis Mabe shall include the accrued monthly payments for December 2010 through the current month, plus interest.

    (ii)    Vivian Mabe acknowledges and agrees that as a result of the Overpayment, she has no further claim or entitlement to any portion of the monthly payment during Phyllis Mabe's life or following the death of Phyllis Mabe.

    (c)    Vivian Mabe will continue to receive Medical/Dental Plan coverage as a surviving spouse under the Retirement Plan, subject to the terms and conditions of the applicable Plan documents.

    (d)    The parties will release each other from any and all liability arising out of or in any manner relating to the Retirement Plan benefits distributed or provided pursuant to this Order by reason of the death of Miles Mabe, Jr. or otherwise.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1.     The Retirement Plan, through its Trustee, shall distribute a lump sum payment of the accrued monthly 50% Survivor Benefit funds, plus interest, pursuant to the parties' agreement as follows: $19,539.54 to Phyllis Mabe, which shall be distributed within 60 days after this Order is signed by the Court.

2.     Each month after this Order is signed by the Court, and subject to the conditions articulated in paragraphs 2(a) and (b) below, the Retirement Plan, through its Trustee, shall distribute the ongoing monthly payment of the 50% Survivor Benefit to Phyllis Mabe for so long as she remains alive. Upon the death of Phyllis Mabe, the Trustee shall make no further distribution of the 50% Survivor Benefit to anyone.

5

PPAB 1781561v3

(a) The first monthly payment to Phyllis Mabe shall include the accrued monthly payments for December 2010 through the current month, plus interest.

(b) Vivian Mabe acknowledges and agrees that as a result of the Overpayment, she has no further claim or entitlement to any portion of the monthly payment during Phyllis Mabe's life or following the death of Phyllis Mabe.

3. The Retirement Plan, through its Trustee, shall issue appropriate tax reporting forms consistent with the above distributions.

4. This Order shall operate as a qualified domestic relations order as defined by Section 414(p) of the Code, and as an amendment to the Retirement Plan as applicable, and is issued pursuant to state domestic relations law, and compliance by the Retirement Plan and the Trustee with this Court's distribution and tax reporting directives shall be in compliance with ERISA or the Code. In accordance with the requirements for a qualified domestic relations order:

(a) The name and last known address of the alternate payees (i.e., Phyllis Mabe and Vivian Mabe) are as follows:

Phyllis Mabe, 171 Vi-Mae Drive, Lexington, NC 27295; and

Vivian Mabe, 549 Amity Church Road, Iron Station, NC 28080.

(b) This Order (i) relates to the division of marital property, (ii) relates to the benefits of deceased participant Miles Mabe, Jr. under the Retirement Plan, and (iii) creates in each alternate payee the right to the benefits provided in this Order.

(c) This Order shall not be amended or revised to require the Retirement Plan (i) to provide any type or form of benefit, or any option, not otherwise provided under the Retirement Plan, (ii) to provide increased benefits (determined on the basis of actuarial value)

6

except as this Order is treated as an amendment to the Retirement Plan, and (iii) to require the payment of benefits to an alternate payee which are required to be paid to another alternate payee under another order.

    (d)    Each of the alternate payees shall be treated as a surviving spouse only to the extent provided in this Order.

    (e)    This Order has been reviewed by Duke Energy Corporation and the plan administrator for the Retirement Plan, and (i) this Order shall be part of the Retirement Plan and (ii) this Order shall be considered qualified without further action by Duke Energy Corporation or the plan administrator.

5.    Vivian Mabe will continue to receive Medical/Dental Plan coverage as a surviving spouse under the Retirement Plan, subject to the terms and conditions of the applicable Plan documents.

6.    This action is dismissed with prejudice as to the parties' rights to assert, reassert or relitigate any and all claims arising out of or in any manner relating to the Retirement Plan benefits distributed or provided pursuant to this Order by reason of the death of Miles Mabe, Jr. or otherwise. Except as otherwise provided herein, each party shall pay its own attorneys' fees and costs.

This _10th_ day of _October_, 2012.

_____
Graham C. Mullen
United States District Judge

PPAB 1781561v3

THIS AMENDED ORDER, ITS TERMS, CONTENTS AND THE ENTRY THEREOF ARE CONSENTED TO BY ALL PARTIES.

s/Stacy K. Wood
Stacy K. Wood Bar Number: 21768
*Attorney for Plaintiff Duke Energy Retirement Cash Balance Plan*
Parker Poe Adams & Bernstein
Three Wachovia Center, Suite 3000
Charlotte, NC 28202
Telephone: 704-335-9844
Facsimile: 704-335-9698
Email: stacywood@parkerpoe.com


s/C. Ashley Lamm
C. Ashley Lamm
*Attorney for Defendant Vivian S. Mabe*
C. Ashley Lamm, Attorney at Law, PLLC
2412 Arty Avenue
Charlotte, NC 28208
Telephone: 704-887-6799
Facsimile: 704-887-6761
Email: alamm@attorneylamm.com


s/ Stephen C. Holton
Stephen C. Holton
*Attorney for Defendant Phyllis M. Mabe, individually and as Administratrix of the Estate of Miles Mabe, Jr.*
Stephen C. Holton, Attorney at Law
115 W. Center St.
Lexington, NC 27292
Telephone: 336-249-0146
Facsimile: 336-249-6779
Email: sherry@sholgon.com